[No. 2172]

# ELY WATER COMPANY, APPELLANT, v. WHITE PINE COUNTY, RESPONDENT.

[151 Pac. 335]

1. WATERS AND WATERCOURSES — WATER COMPANIES — FRANCHISE REQUIREMENTS.

   A provision in the franchise company that free water should be supplied a county courthouse, and that the water company might furnish water for municipal and irrigation purposes and charge rental therefor, did not obligate the water company to furnish free water for use in sprinkling the courthouse grounds.

2. WATERS AND WATERCOURSES—WATER COMPANIES—RATES—PUBLIC GROUNDS.

   The franchise of a water company provided that it should furnish free water for the use of a courthouse and certain other public buildings, and also that it might furnish water for municipal and irrigation purposes and charge rental therefor. The county authorities used the water furnished by the water company to sprinkle the courthouse grounds, but refused to pay therefor, on the ground that the franchise failed to fix an applicable rate. The rate charged for water for sprinkling purposes in the city was based upon lots as laid out on the official town plat, but the courthouse grounds were not so laid out. Held, that the water company was entitled to recover from the city the fair value of the water furnished.

APPEAL from Ninth Judicial District Court, White Pine County; Ben W. Coleman, Judge.

Action by Ely Water Company against White Pine County upon two causes of action. From a judgment for plaintiff on the second cause of action only, plaintiff appeals. **Modified** by allowing judgment on the second cause of action also, and **affirmed.**

*Brown & Belford* and *J. M. Lockhart,* for Appellant:

Appellant is not required under its franchise to furnish free water for sprinkling the courthouse lawn. The franchise specifies particularly what free service the company is obliged to perform. "A court has power to interpret a contract as between parties before it, but not to make a new one for them." (*V. & T. Ry. Co.* v. *Lyon County,* 6 Nev. 68; *Henderson Water Co.* v. *Henderson Schools,* 65 S. E. 927; *Birmingham* v. *Birmingham W. Co.,* 42 South. 10.)

If there is no ambiguity apparent in the contract, the words must be taken in their ordinary and usual signification; the court cannot look beyond the contract for motives and intentions not expressed. (*Rankin* v. *New England M. Co.*, 4 Nev. 78.)

*Anthony Jurich*, for Respondent:

Under the terms of its franchise, appellant is compelled to furnish water free of charge for the courthouse grounds. (*S. V. W. W.* v. *San Francisco*, 52 Cal. 112.)

In construing statutes granting franchises to private corporations, all doubts are to be resolved in favor of the public. (*Lake* v. *V. & T. Ry. Co.*, 7 Nev. 294.)

The terms "block" and "lot," as legal subdivisions of a city, have obtained a well-known meaning, being intended to designate a tract of land that has been set aside and designated in some way. (*N. & S. Lumber Co.* v. *Hagwer*, 42 Pac. 388; *Ontario L. & I. Co.* v. *Belford*, 27 Pac. 39; *Pilz* v. *Killingsworth*, 26 Pac. 305.)

By the Court, NORCROSS, C. J.:

This appeal presents the question of the liability of White Pine County to the appellant for water furnished respondent county during the year 1913 for sprinkling the lawn surrounding the courthouse building in the town of Ely. The question involves the construction of certain provisions of the franchise granted to the appellant corporation by the legislature of 1907, under an act approved February 26, 1907 (Stats. 1907, c. 25), entitled "An act entitled 'An act granting to the Ely Water Company the right, privilege and franchise to supply the towns of Ely and Ely City in White Pine County, State of Nevada, and the additions of said towns, with water for domestic, municipal, fire protection, irrigation, and other purposes and to charge rental therefor; and ratifying and confirming a certain grant of a water franchise made to the said Ely Water Company on the sixteenth day of February, 1907, by the board of county commissioners of said county and by the said town of Ely, and other matters relating thereto.'"

By the terms of the third provision of the franchise the appellant corporation was required to furnish "free of cost to the said town" twelve fire hydrants for fire purposes, and for other hydrants required, "over the aforesaid twelve free hydrants, the said town of Ely shall pay a rental of $5 per month." By the terms of the seventh provision it was provided that the appellant corporation "shall furnish and supply water to said town for sprinkling wagons during the dry season of the year for the purpose of sprinkling the streets of said town, free of any cost to said town.   *   *   *"

By the eighth provision it is provided that the appellant corporation "shall furnish and supply water to the court-house, hospitals, city hall, and schoolhouses in said town and its additions free of any cost to said town or its additions, or to said county of White Pine, State of Nevada, during the life of this instrument; *provided*, that the cost of all taps, pipes and plumbing necessary to connect said public buildings with mains or pipes   *   *   *   shall be borne by said town, or its additions, or by said county, as the case may be."

The sixth provision of the charter provides that the appellant corporation "shall charge not more than $6 per season for sprinkling one lot of the dimensions of 100 by 25 feet or less, and for the sprinkling of each adjacent lot or portion thereof owned by the same person, not more than $5 per season."

The amount of the claim for sprinkling the courthouse grounds, which covered an entire block of about four acres, was determined by estimating the number of lots said grounds, exclusive of the area covered by the building itself, would make of the dimensions referred to in the sixth provision of the franchise, *supra,* and applying thereto the rate in force in the town of Ely for sprinkling in accordance with the said sixth provision.

[1] The lower court held, and we think correctly, that:

"The clause providing for free water for the courthouse does not carry with it free water for the grounds. * * * On the other hand, the act provides that the water

company may furnish water for municipal and irrigation purposes and to charge rental therefor."

Counsel upon either side of this case have been able to find but few authorities that might be considered in point upon the question whether a provision in a franchise requiring the furnishing of free water to a courthouse, schoolhouse, or other municipal public building, would also include the furnishing of free water for the grounds thereof. The only two cases cited that are analogous to the one here presented are the following: *City of Birmingham* v. *Water Co.*, 42 South. 10; *Henderson Water Co.* v. *Henderson Schools*, 151 N. C. 171, 65 S. E. 927. These cases support the construction placed upon the provision of the charter by the court below. Whatever doubt might have existed in case the proviso of the eighth provision of the charter had not been included is, we think, removed by the language of such proviso, which refers to the courthouse, hospital, etc., as "said public buildings."

While the court held that the appellant was not required to furnish free water for sprinkling the courthouse grounds, it was held that it was not entitled to recover, for the reason that no basis of charge for water so furnished was prescribed in the charter. The court construed the sixth provision of the charter, *supra*, as applying to town lots as platted on the official town plat, the blocks of the town being platted generally in lots of 25 by 100 feet, and not applicable to a block not so divided into lots—the block upon which the courthouse was located being not so platted. We need not, we think, determine whether this construction of the charter was correct.

[2] Authority exists in support of the view taken by the court below, that where the charter fails to fix a rate applicable to the municipality no recovery can be had. Were the question entirely new in this state, we might be disposed to adopt the view of the learned trial judge. We think, however, that this court, in the case of *Virginia Gas Co.* v. *Virginia City*, 3 Nev. 320, in which this

court held that the gas company was entitled to recover from the city of Virginia "the fair value" of all gas furnished "in excess of that which the law made it incumbent on it to furnish," laid down a rule applicable to the case at bar. We think the rule applied in the Virginia City case, *supra*, more just and equitable, both to the owner of the franchise and to the municipality, than that laid down by the authorities in support of the decision of the lower court. The municipality ought not to be put in the position of being deprived of water because of no specific provision in the charter specifying the rate the municipality should pay, and, upon the other hand, it would be equally unfair in many cases to expect a holder of a franchise to supply free water for the sprinkling of several acres of land in a region where water is scarce.

The Virginia City case, *supra*, was not called to the attention of the court below, which would have undoubtedly followed the rule therein laid down, had its attention been directed to that case. The court found as a fact that the water furnished was of the value charged therefor, and it was stipulated in the court below that, if the appellant was entitled to recover at all, it was entitled to recover for the full amount alleged in the complaint.

The judgment is modified, by allowing plaintiff and appellant also the amount sued for in its first cause of action, and, as so modified, the judgment is affirmed.

McCARRAN, J.: I concur.

[COLEMAN, J., having presided at the trial in the lower court, did not participate in the opinion.]